IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA K. HERNANDEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL J. ASTRUE, Commissioner ) <br> of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | 1:08-cv-01445 GSA <br><br> ORDER REGARDING STIPULATION <br> TO REMAND <br><br> (Document 13) |

Plaintiff filed her complaint in this action on September 25, 2008. (Doc. 1.) Plaintiff sought judicial review of a decision of the Commissioner of Social Security (Commissioner) finding that Plaintiff was not entitled to disability insurance benefits and Supplemental Security Income pursuant to Titles II and XVI, respectively, of the Social Security Act. The summons and complaint were served on the Commissioner on October 10, 2008. (Doc. 7.) The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 8 & 9.) On October 22, 2008, the action was reassigned for all purposes to Magistrate Judge Gary S. Austin. (Doc. 10.) The administrative record was lodged with the Court on February 23, 2009. (Doc. 11.)

On May 19, 2009, the parties filed a Stipulation and Proposed Order of Voluntary Remand and Dismissal of Case With Directions to Clerk to Enter Judgment. (Doc. 13.) More particularly, remand is sought pursuant to sentence four of 42 U.S.C. § 405(g).

1

## DISCUSSION

The parties agree that Plaintiff shall be permitted a new hearing and opportunity to present new evidence. At the rehearing, the Administrative Law Judge (ALJ) shall pose hypothetical questions to the Vocational Expert (VE) that include all limitations assessed in the ALJ's residual functional capacity assessment and that may be shown by the record. The ALJ should affirmatively inquire on the record whether there is any conflict between the information in the Dictionary of Occupational Titles (DOT) and the VE's testimony, and, if there is, the ALJ should elicit a reasonable explanation for such conflict, if one exists.

It was further stipulated that the administrative decision be hereby vacated and that the Clerk of this Court shall be directed to enter a separate judgment herein, as provided for under Rules 58 and 79(b) of the Federal Rules of Civil Procedure, pursuant to *Shalala v. Schaefer*, 509 U.S. 292, 113 S. Ct. 2625 (1993).

## ORDER

Based on the foregoing, the stipulation for voluntary remand pursuant to sentence four of section 405(g) of Title 42 of the Social Security Act is GRANTED. Accordingly, the Clerk of the Court is DIRECTED to enter judgment in favor of Plaintiff Patricia K. Hernandez and against Defendant Michael J. Astrue, Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **May 20, 2009**   /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE